UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Case No. 8:18-cr-524-WFJ-CPT

ANDRES AARON MONTIEL SANTOME
_____/

**O R D E R**

Before the Court is *pro se* Defendant Andres Aaron Montiel Santome's motion for the return of property pursuant to Federal Rule of Criminal Procedure 41(g). (Doc. 146). For the reasons discussed below, it is necessary for the parties to submit further briefing on the matter.

I.

In October 2018, Mr. Santome was charged in a two-count indictment with possessing with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and conspiracy to commit same. (Doc. 1). Mr. Santome pleaded guilty to the conspiracy count and was sentenced in June 2019 principally to an imprisonment term of ninety-eight months. (Doc. 62).

In January 2020, Mr. Santome—while in federal prison—moved *pro se* for the return of his passport, elector credential, bank card, keys, cellular phone, and a suitcase

containing his clothes and shoes. (Doc. 83). The government responded to Mr. Santome's motion by stating, *inter alia*, that the Federal Bureau of Investigation (FBI) had only retained Mr. Santome's "pocket litter;" that the Coast Guard Investigative Service (CGIS) was in the possession of any electronic devices belonging to Mr. Santome; that the government's typical protocol was to return passports and other identification documents to officials of a defendant's home country upon the defendant's deportation there after his release from the Bureau of Prisons; and that any other property seized from Mr. Santome would have been turned over to the Pinellas County jail when he was initially processed at that facility. (Doc. 85). The government added that it would send the items comprising the "pocket litter" and any electronic devices obtained from Mr. Santome to an individual designated by Mr. Santome, provided that the individual was located in the United States. *Id*. The Court ultimately denied Mr. Santome's motion without prejudice because, among other things, Mr. Santome failed to demonstrate that he had a possessory interest in the property at issue. (Doc. 90).

The instant motion, filed by Mr. Santome nearly three years later, followed. By way of that motion, Mr. Santome—who remains in prison—renews his request that the government return the above items to him, this time by forwarding them to his sister who apparently lives in Mexico. (Doc. 146). In support of this request, Mr. Santome seems to assert that he has possessory interest in the sought-after belongings given their nature and content. *Id*. Mr. Santome further requests that the government

furnish him with a receipt for any property which has been lost, misplaced, or stolen "so [that] he can maintain . . . a [t]ort [c]laim" against the United States. *Id.*

In response, the government reiterates that the CGIS is in the possession of Mr. Santome's electronic device(s), that it still follows its standard procedure for returning passports and other identification documents to officials of a defendant's home country, and that Mr. Santome's personal items were turned over to the Pinellas County jail upon his arrest in Tampa, Florida. (Doc. 151). As for Mr. Santome's clothing, the government clarifies that such belongings would likely have been destroyed due to being contaminated with fuel. *Id.* The government attaches to its submission a number of property receipts from the FBI pertaining to the above belongings, as well as a November 4, 2018, agreement written in Spanish and purportedly signed by Mr. Santome, which—the government represents—states that the FBI could destroy Mr. Santome's property if he did not claim it within thirty days. *Id.* With respect to Mr. Santome's designation of his sister as the intended recipient for any returned property, the government points out that she does not reside in the United States and that it therefore cannot mail her Mr. Santome's belongings. *Id.*

II.

The law governing the return of property obtained by the government is set forth in the Court's prior Order (Doc. 90) but bears repeating here with some supplementation. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property" may seek the property's return by filing a motion in the district court where the property was seized.

3

Fed. R. Crim. P. 41(g). "Where, as here, the movant 'invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity.'" *United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010) (quoting *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005)).[1] Courts liberally construe Rule 41(g) motions when they are brought by *pro se* litigants. *Id*. at 579, 579 n.1.

To prevail on a Rule 41(g) request, a movant must show both that he has a "possessory interest" in the seized property and that he has "clean hands." *Howell*, 425 F.3d at 974. Where the movant's possessory interest in the property is not contested, however, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (internal quotation marks and citation omitted). To satisfy its burden, the government must submit an affidavit, declaration, or some other evidence addressing the issue. *Id*. (finding that the government did not meet its burden where its representation about the seized property was not supported by affidavits or other evidence) (citing *United States v. Chambers*, 192 F.3d 374, 377–78 (3d Cir.1999); *Mora v. United States*, 955 F.2d 156, 158 (2d Cir.1992)).

Applying these principles here, the government seemingly does not dispute that Mr. Santome has a possessory interest in the items listed in the property receipts

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

attached to its response and that he has "clean hands." Indeed, the government asks that Mr. Santome's motion be denied only to the extent he seeks the return of property which is "no longer in the possession of the FBI or [the] CGIS." (Doc. 151).

The singular area where the parties appear to disagree relates to the manner and/or timing of the return of the items at issue. Mr. Santome seems to assert, for example, that it is unfair for the government to require him to specify a person in the United States to take custody of his property given that he is an "imprisoned inmate" from a "different country" who "does not have relatives living [here]." (Doc. 146). For its part, the government maintains that it cannot mail Mr. Santome's belongings to anyone residing outside the United States. (Doc. 151). The problem with the parties' competing positions is that they do not cite any supporting case law or other authority. The government also does not provide the requisite evidence to buttress certain of its claims.

Accordingly, it is hereby ORDERED:

1. No later than March 21, 2023, the government shall file a memorandum with supporting legal authority and evidence (a) demonstrating that it can only return property in its possession to Mr. Santome in the manner and under the time frame set forth in its response (Doc. 151); and (b) addressing what effect, if any, the November 4, 2018, agreement attached to its response has on Mr. Santome's right to have the challenged property returned to him.

2. No later than April 21, 2023, Mr. Santome shall file a response to the government's memorandum with supporting legal authority (a) demonstrating that he

5

is entitled to the return of the property at issue even though he is in custody, whether it be to a designated individual outside the United States or otherwise; and (b) addressing what effect, if any, the November 4, 2018, agreement attached to the government's response (Doc. 151) has on any such entitlement.

SO ORDERED in Tampa, Florida, this 7th day of March 2023.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
*Pro se* Defendant