UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:18-cr-524-WFJ-CPT

ANDRES AARON MONTIEL
SANTOME
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Andres Aaron Montiel Santome, USM#: 71302-018, moves, *pro se*, (Dkt. 164) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 31, 2019, Andres Aaron Montiel Santome was sentenced to 98 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the U.S. Mr. Montiel Santome's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Montiel Santome's advisory sentencing range was 135-168 months, and the Court varied downward to a below-the-guidelines sentence. The Defendant requested a downward variance, to which the Government objected. The Court granted the

variance in consideration of Defendant's role in the offense (non-captain and "not much more than a 'mule'") and Defendant's history and characteristics including his lack of youthful guidance, family ties and responsibilities, remorse, his abject poverty, and his attempt at cooperation.  Dkt. 174 at 6.  Further, the Court considered the need to avoid unwarranted sentencing disparities, to provide Defendant with needed educational or vocational training, and his acceptance of responsibility.  *Id*.  Defendant also received the benefit of the statutory safety valve.  The Bureau of Prisons online inmate locator shows a release date from BOP custody of January 10, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 would impermissibly reduce Mr. Montiel Santome's term of imprisonment of 98 months to below the minimum of the amended guideline range of 108-135 months in prison.

3

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 181. A motion for sentence reduction will not be filed on behalf of Mr. Montiel Santome because he "received a sentence that was equal to or less than the minimum of the amended guideline range as adjusted by a comparable substantial assistance departure, if applicable." *Id*. The Court provided 21 days for any *pro se* filing. Dkt. 182. Nothing has been filed.

The Court already granted a significant downward variance taking into account all the considerations set forth above. Even if Defendant were eligible and even considering the revised advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 98-month sentence.

This case involved a vast international marine narcotics smuggling venture aboard a go-fast vessel interdicted in the Eastern Pacific Ocean. The 58 bales of cocaine seized from the vessel weighed 1,150 kilograms. Dkt. 174 at 12 ¶ 14. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Lastly, Defendant is a citizen of Mexico and will likely be deported.

Mr. Andres Aaron Montiel Santome's *pro se* motion (Dkt. 164) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on September 25, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE